The Court now calls Appeal 25-3072, Wortham et al. v. Village of Barrington Hills. We'll begin with oral argument on behalf of the appellant, Mr. Visconcellos. Good morning. Good morning. May it please the Court. The Village of Barrington Hills claimed for itself the power to enforce a prohibition on what it called short-term leasing of residential property. At that time, there was no explicit prohibition on short-term leasing within the Village Code, and consequently, there were no objective standards by which to judge whether a particular lease duration constituted a prohibited short-term lease. When the Worthams were issued citations for violating this prohibition, one of the defenses that they raised was that the prohibition on short-term leasing lacks the specificity required under the Due Process Clause. The Illinois courts determined that the Worthams lacked standing to bring that challenge, and they therefore declined to consider the merits of that challenge. But standing in Illinois courts isn't precisely how we look at standing, so trace for me why that wasn't a decision on the merits. The district court found that the Illinois court found that the Worthams lacked standing. It wasn't a decision on the merits because there was no substantive determination of the Worthams' rights. It was what the Illinois court found and what the district court held was that the Worthams themselves lacked standing to bring this particular challenge. So we've got an administrative decision. We've got a circuit court review of that. We've got an Illinois appellate court review of that, cert denied in the Illinois Supreme Court. Then we have the enforcement proceedings that occur again in the circuit court. We now have this dispute brought to us. Why are we as a federal court, or the district court as a federal court, to review those proceedings? We're not asking the court to review those proceedings at all. This is an action under Section 1983 for violation of the Worthams' due process rights. Is there a problem under Rooker-Feldman? There's not, Your Honor. Why not? Rooker-Feldman, I think the district court reads Rooker-Feldman far too broadly. It's not a blanket prohibition on questioning a state court's reasoning for declining to reach the merits of an issue. I think we've briefed the Rooker-Feldman factors in our brief. But I think this court's decision in Andre, the city of Hammond, I think probably answers that question. What the Hammond court says was even where there's a state review, state court review of an administrative judgment, this court still has jurisdiction to hear federal claims based on the claims that were not decided. I can agree the district court decision is not completely clear. But there's a Rooker-Feldman reference. There's a claim preclusion reference. And we have, again, before us this claim due process and a First Amendment claim where there have been rulings previously, at least with regard to these. Speak again to why we as the federal court should be the entity resolving this dispute. Well, this court has noted that the federal courts have a nearly unflagging obligation to exercise the jurisdiction that's been conferred upon them by Congress. We don't think a state court review of an administrative decision is conclusive as to plaintiff's federal rights. But claim preclusion certainly applies to an administrative proceeding's conclusions. So if an issue is decided in an administrative proceeding and the exact same parties try to bring that issue before this court, claim preclusion applies. Well, only if it's resolved on its merits, Your Honor. And in this case, the due process challenge was not resolved on its merits. The state courts declined to consider that challenge. In Andre, the concurrence in Andre adopted the Fourth Circuit's decision in Thonau v. Board of Licensing Commission, which said that state administrative decisions, even those that are subject to judicial review by state courts, are beyond doubt subject to challenge in an independent federal action commenced under jurisdiction explicitly conferred by Congress. And we think that is the right standard to apply here. This was a decision. This was an administrative decision. The administrative court, I'm sorry, the administrative adjudication process does not allow, is not allowed to rule on the constitutionality of a law. We raised it because the Illinois courts have suggested that it's best practice to do so. And the administrative review procedure is fairly narrow. They essentially just, it's a cabined scope of review. They review the administrative decisions. In fact, a question with regard to count three, the First Amendment claim. When were the Werthams ordered to take down the Verbo ad? Was that part of the enforcement hearing? It was after the, so we had the two citation hearings. Right. We had an administrative review that went to the appellate court. It was denied. This was after that. This was during the enforcement proceeding, which is a separate proceeding. Go ahead. It was before the conclusion of the enforcement proceeding? Yes, Your Honor. Was it part of the enforcement proceeding? It was not, Your Honor. How was that conveyed to your client and in what format? It was conveyed through counsel, essentially. Because in the record, there's an e-mail from counsel to your client that talks about the amounts owed but doesn't say anything about taking down signs or not leaving signs up. I think that's correct, Your Honor. I think it was conveyed directly to me. I'm trying to remember exactly. It was conveyed during that administrative enforcement procedure. Can you just clarify exactly what your First Amendment claim is? The First Amendment claim is essentially based on a, you know, there is a First Amendment, I guess you would say advertising right. And by forcing them to take down the listing, they essentially forced them to forego the commercial speech that they were entitled to. Would you like to reserve the remainder of your time? Yes, Your Honor. Thank you. Very good. Thank you, Mr. Vesconcellos. Mr. Conway, we'll move to you now for oral argument on behalf of the appellee. Good morning, Your Honors. May it please the Court, Sean Conway on behalf of the Village of Barrington Hills appellee. I'd like to start with Count 1, which is the as-applied vagueness challenge to the village's regulations. And I think the best place to start is to talk about sort of the evolution of this claim as it went through the state courts and now as it appears in the federal court. Throughout the state court proceedings, one of the defenses that the respondents raised was that the regulations weren't clear enough in terms of what the duration of time is required to be considered a short-term rental versus a long-term rental. It was in the nature of a facial challenge to the regulations. And what happened, what we argued, was that under the Schachter case in Illinois, it's an Illinois case, in order to challenge a statute for vagueness on vagueness grounds through facially, there must be at least a fundamental right, for example, a First Amendment right involved. This challenge did not involve those rights. It was facial in nature, and so the appellate court determined that this defense simply could not be brought. That's paragraph 44, one paragraph, right? Correct, Judge. So that was the decision of the appellate court in terms of the vagueness challenge. Wasn't it on standing grounds? It was, Judge. Essentially, it was that because there wasn't a fundamental right involved or a First Amendment right, that the challenge could not proceed. So the village... Counsel has argued because it was standing, not merits, we can still entertain it. It's not precluded. Correct, Judge. So what's your response to that, I guess? So my response to that is that's not the challenge that's in the complaint. The challenge that's in the complaint is actually an as-applied challenge. And what the appellate court explained in the Illinois courts was that had the respondent brought an as-applied challenge, that was certainly something that the circuit court could have considered on administrative review, that could have been argued throughout the appellate court process. Plaintiff did not. So you're arguing a waiver? What I'm arguing, Judge, is how this vagueness challenge has evolved. But I'm trying to understand. I thought you were getting toward a res judicata argument. I am, Judge. But that did sound like a waiver argument. Well, so res judicata applies not only to claims that were actually raised, but claims that could have been raised in the state court proceedings. So what we're arguing before this court is that the as-applied challenge that is being asserted in the complaint certainly could have been raised in the state court proceedings, and it was not. So you're not arguing that there was a decision on the merits. You're arguing that the as-applied challenge, if it was brought, there would have been a decision on the merits. Correct, Judge.  So the respondent or the appellant learned the lesson from the appellate court that, okay, to bring the facial challenge, you must have a fundamental right. Also learned that an as-applied challenge could be brought. And so that's exactly what the plaintiff brings in this federal complaint, an as-applied challenge and, obviously, the First Amendment challenge in Count 3. So for that as-applied challenge, though, when I'm looking at whether Rooker-Feldman applies, right, it sure seems to me that that injury is complete once your client, once the village seeks to enforce that ordinance. So how would I find that the plaintiffs here, that the harm they're suffering stemmed from the state court judgment? So we're not arguing on the appeal that Rooker-Feldman applies. I do think since the Gill Bank decision, there is an issue with Rooker-Feldman applying in this case because plaintiffs are specifically asking for lost income damage, money damages. And our reading of the Gill Bank case would preclude the application of Rooker-Feldman on that basis. So we're not asserting that on this appeal in defense of this case. You didn't respond in your brief to the Rooker-Feldman argument. That is your response? Correct, Judge. Right. And we do recognize that the district court made reference to Rooker-Feldman. We did initially assert Rooker-Feldman in our initial motion to dismiss that we filed prior to the Gill Bank case. Judge Perry did ask us to review Rooker-Feldman in light of the very recent case law that this court has issued. And in viewing that, we've determined that it's not the best defense in this case. Again, could you explain why? Because the complaint specifically asks for lost income damages. Now, if all we were talking about are the fines that were issued and the attorney's fees that were issued, I think that would be a different story because there the plaintiff would be requesting that this court overturn a judgment of the state court. So for that reason, we don't feel that Rooker-Feldman applies. Again, just to count one, the appellant certainly could have raised the as-applied challenge. They didn't in the state court. They do attempt to do that now. Res judicata applies. Alternatively, as to count one, there's a statute of limitations issue that we bring up. District court didn't reach that issue. This court can if it determines to do so. The municipal citations were issued in September or November of 2020. The appellant was clearly on notice of the village's position that its regulations applied to their specific use, and the appellant did not file its federal complaint until June 27, 2023, beyond the two-year statute of limitations. So we also believe that there's a statute of limitations issue as to count one. Moving on to count three. This is the First Amendment claim in the district court. We argue that res judicata additionally applies to the First Amendment claim. Plaintiff's allegations in the complaint is that this alleged prohibition on having the VRBO advertisement go forward on the website occurred during the course of State Case 2, the enforcement proceedings. They're not descriptive about exactly how that occurred, but they do say it was in the course of the state court proceedings. What we argued was that if that is the case, then that could have been raised as a counterclaim in that second state court case. How could that have been raised during enforcement? I understand how it could have been raised in response to the complaint, which is the case all you rely on. But at the enforcement stage, how could the First Amendment issue have been raised? So the enforcement case is a separate action. Is there a separate complaint? There is, Judge. Yeah, so it was a petition that was filed for enforcement. There's really two components to that type of case. One is enforcing the fines that were issued and the collection of those fines, but then also enforcing any orders of compliance. So the petition alleged or requested enforcement of both aspects. So at that point, the appellant could... So it's different than, say, a damages phase. Exactly, Judge. It's not post-judgment enforcement. It's its own standalone proceeding. And it's not a determination of damages for a liability finding on a particular complaint. It's a whole separate proceeding with a separate complaint. Exactly, yeah. And that proceeding is authorized by the Illinois Municipal Code. So at that point, what the plaintiff could have done if they did believe there was a First Amendment issue is simply file a counterclaim. That's allowed under the Illinois Rules of Civil Procedures. The appellant did not do that, so we've argued that, again, is barred by res judicata. Now, I will also point out the appellant did not make any response to our argument in the district court. The first time the appellant has made a response to that argument is in this court. So we additionally argue that their argument in this court has been waived due to failure to raise it at the district court level. Anything further, Mr. Conway? No, Judge. For all those reasons, we just request that Your Honors affirm the ruling of the district court. Thank you very much. Thank you, Mr. Conway. Mr. Vasconcellos, let's move back to you now for rebuttal argument. Just a couple of points, Your Honor. Before you jump in, do you dispute that you could have filed a counterclaim in the enforcement proceeding? We do, Your Honor. It's not clear. This is a supplementary proceeding under Illinois law. There's almost no case law on it because it's a supplementary proceeding. The one case we found, I think we quoted in our brief, said it was unclear whether a counterclaim could even be brought. Our position is the counterclaim wasn't mandatory under Illinois law, but it's not clear, essentially, whether it even could have been. One point I wanted to hit was the claim that the plaintiffs had made in both the state court and in the district court, it has not changed. There's been some talk from Mr. Conway about how the claim has changed, but we don't believe that to be true. We think the argument is that application of Section 552 of the Village Code to prevent short-term leasing violates the due process clause. And we acknowledge that it contains elements of both types of claims, but that sort of what we've called a hybrid claim has been permitted. I think the best articulation of that is in John Doe No. 1 v. Reed from the U.S. Supreme Court where they said they had a similar type of claim and there was an argument over whether it was facial or as applied. And they said the claim is as applied in the sense that it does not seek to strike the PRA in all its applications, but only to the extent it covers referendum petition. The claim is facial in that it is not limited to plaintiffs' particular case, but challenges application of the law more broadly to all referendum petitions. And that's a similar sort of claim that we have here, and that claim hasn't changed. Now you can look at a claim like this and you can pick out parts of it that seem as applied, and you can pick out parts of it that seem facial, and it does contain those, but our claim hasn't changed from the state court to the federal court. I see I'm out of time. Thank you very much, Mr. Vasconcellos. Thank you very much, Mr. Conway. The case will be taken under advisement.